IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                                                                    **No. 21-po-0036 RB-SMV**

**VICTOR ISRAEL MONTES-MIRANDA,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Victor Israel Montes-Miranda appeals his judgment and conviction imposed by United States Magistrate Judge Kevin R. Sweazea on September 3, 2021. (Docs. 7; 9.) Mr. Montes-Miranda was found guilty of illegal entry without inspection in violation of 8 U.S.C. § 1325(a)(1). (Doc. 7.) On appeal, Mr. Montes-Miranda asserts that Judge Sweazea abused his discretion by imposing a three-month sentence. (Doc. 11 at 1.) The Court finds the sentence imposed is reasonable under 18 U.S.C. § 3742(a)(4) and will affirm.

**I.     Background**

United States Border Patrol (USBP) agents encountered Mr. Montes-Miranda on August 29, 2021, in Luna County, New Mexico. (Doc. 1.) Mr. Montes-Miranda admitted to the agents that he was a citizen of Mexico and had illegally crossed the border approximately 33 miles west of the Columbus, New Mexico Port of Entry. (*Id.*) He affirmed that "he did not possess valid immigration documents that would allow him to enter or remain in the United States." (*Id.*) The agents arrested Mr. Montes-Miranda, and the United States filed a Criminal Complaint on August 31, 2021, charging him with one count of illegal entry without inspection in violation of 8 U.S.C. § 1325(a)(1), a misdemeanor. (*See id.*)

Mr. Montes-Miranda pled guilty on September 3, 2021. (*See* Doc. 5.) At the plea/sentencing hearing, the United States asked for a three-month sentence due to the high number of prior encounters the USBP had with Mr. Montes-Miranda. (*See* Sept. 3, 2021 Hr'g at 9:33:00–9:34:45.[1]) The United States averred that over the past two years, the USBP recorded 34 encounters with Mr. Montes-Miranda; but for whatever reason, those cases were not accepted for prosecution. (*Id.*) As a result, the USBP suspected that Mr. Montes-Miranda was acting as a foot guide for immigrants illegally crossing the border. (*Id.*)

Mr. Montes-Miranda's counsel noted that the maximum penalty available for this misdemeanor was six months. (*Id.* at 9:31:11–9:31:28.) He argued that there was no evidence of the conduct alleged and asked for a sentence of time served. (*Id.* at 9:35:06–9:38:15.) He asserted that Mr. Montes-Miranda is only 20 years old and has no prior criminal history. (*Id.*) He argued that imposing a three-month sentence would result in sentencing disparity, as many other defendants charged under § 1325(a)(1) receive time served. (*Id.*)

Judge Sweazea noted that the attorneys had made proffers regarding facts that could be demonstrated by evidence and/or information to which witnesses could have testified. (*Id.* at 9:38:16–9:39:17.) The attorneys agreed that the proffers made were sufficient such that they waived the right to call witnesses and that the Court could consider the proffers as evidence. (*Id.*) Judge Sweazea found that it is not unusual for defendants charged with illegal entry to receive a sentence of time served if they have few or no encounters with immigration authorities. (*Id.* at 9:39:45–9:40:21.) Here, however, Mr. Montes-Miranda's circumstances are different. He has had 34 encounters with immigration authorities over the past two years, which has led the authorities to believe that he is a foot guide smuggling immigrants across the border. (*Id.* at 9:40:22–45.)

---

[1] The Court refers to the timestamps of the hearing's audio recording, accessible on CM/ECF. (*See* Doc. 5 docket text.)

Judge Sweazea opined that this activity is dangerous on several levels: to the individuals who illegally cross and to United States citizens. (*Id.* at 9:40:45–9:42:26.) Immigrants are victimized by the cartels in Mexico, where they pay large sums of money to cross dangerous terrain. (*Id.*) When the USBP apprehends them and they are charged with crimes and sent home, they may be re-victimized by the cartels if they try to cross again. (*Id.*) The cartels' criminal activity also places United States citizens in danger. (*Id.*) Mr. Montes-Miranda's 34 encounters with the USBP have not deterred him. (*Id.* at 9:42:33–9:42:45.) It appears that he has been using immigration authorities as easy and free transportation back to his home country without consequences. (*Id.* at 9:42:46–9:43:25.) Judge Sweazea concluded that a sentence of time served would not be appropriate under these circumstances. (*Id.* at 9:43:26–9:43:58.) He sentenced Mr. Montes-Miranda to three months incarceration to punish, deter, and provide the other necessary sentencing benefits. (*Id.*)

Mr. Montes-Miranda filed a notice of appeal on September 15, 2021, and an amended notice the following day. (Docs. 8–9.) The appeal is now fully briefed. (Docs. 11–13.)

**II.     Legal Standard**

The Court has jurisdiction in this matter under 18 U.S.C. § 3402: "In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." However, "[t]he defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

As Defendant was convicted of a Class B misdemeanor conviction, the sentencing guidelines do not apply. (*See* Doc. 12 at 1.) Under 18 U.S.C. § 3742(a)(4), "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . .

was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." Courts "review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Martinez-Palomino*, 775 F. App'x 423, 426 (10th Cir. 2019) (quoting *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008)). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) [sentencing] factors." *Id.* (quoting *Haley*, 529 F.3d at 1311). "A sentence is procedurally unreasonable if the [sentencing] court incorrectly . . . fails to consider the [statutory sentencing] factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Id.* (quoting *Haley*, 529 F.3d at 1311).

**III.    Analysis**

    **A.    Substantive Reasonableness**

Mr. Montes-Miranda argues that his sentence was unreasonable because Judge Sweazea did not consider all of the § 3553(a) factors. (Doc. 11 at 6.) These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the "basic aims of sentencing, namely (a) 'just punishment' (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation," *United States v. Walker*, 844 F.3d 1253, 1253 (10th Cir. 2017); (3) the kinds of sentences available; (4) the Sentencing Commission Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution.

*United States v. Cookson*, 922 F.3d 1079, 1092 (10th Cir.), *cert. denied*, 140 S. Ct. 276 (2019) (citing 18 U.S.C. § 3553(a)(1)–(7)). The Court finds that Judge Sweazea adequately considered these factors. He heard from counsel that the maximum penalty available was six months, that Mr. Montes-Miranda had no criminal history, and that he was only 20 years old. Judge Sweazea thoroughly discussed the nature and circumstances of the offense and Mr. Montes-Miranda's two-year history of 34 encounters with the USBP. He addressed Mr. Montes-Miranda's disparate

4

sentencing argument and explained that while a time-served sentence is not unusual, such sentences occur in cases where the defendants have few or no previous encounters with the USBP. Finally, Judge Sweazea found that in Mr. Montes-Miranda's case, a sentence of time-served would not be sufficient to deter his behavior, but rather a three-month sentence was appropriate to punish, deter, and provide the other necessary sentencing benefits.

Mr. Montes-Miranda takes issue with Judge Sweazea's reliance on the Government's proffer regarding his history of encounters with the USBP, along with the USBP's conclusion that he was likely acting as a foot guide. (*See* Doc. 11 at 7.) Yet, the Tenth Circuit has held that "[a] court may 'quite reasonably attach[ ] great weight' to key factors without acting unreasonably." *Martinez-Palomino*, 775 F. App'x at 426 (quoting *Gall v. United States*, 552 U.S. 38, 57 (2007)). As the Court explains below, Judge Sweazea did not err in considering the Government's proffer. Moreover, as the Government points out, it disclosed discovery regarding the 34 encounters to Mr. Montes-Miranda prior to the hearing, and he did not file any objections to the information. (Doc. 12 at 4.) Mr. Montes-Miranda offers no authority to show that Judge Sweazea abused his discretion in considering the Government's proffer regarding his history in this case. The Court finds that Judge Sweazea adequately considered the § 3553(a) factors, and the three-month sentence is substantively reasonable.

### B. Procedural Reasonableness

Although Mr. Montes-Miranda concedes that he "had been voluntarily returned on numerous previous occasions[,]" he argues that "the Government presented hearsay evidence for a felony level offense for purposes of warranting their sentencing request." (Doc. 11 at 5.) He contends that the hearsay evidence—the immigration authorities' belief that he was a foot guide—was improper and should not have been introduced at the hearing. (*See id.* at 6–7.) The United

States points out, though, that under Federal Rule of Evidence 1101(d)(3),[2] "the rule against hearsay is not applicable at sentencing." (Doc. 12 at 4.) The Court agrees. Judge Sweazea did not abuse his discretion in considering hearsay evidence during the sentencing portion of this hearing. *See United States v. Davis*, 170 F.3d 617, 622 (6th Cir. 1999) (finding no error in admission of hearsay evidence at a sentencing hearing, because "Federal Rule of Evidence § 1101 states in subsection (d)(3) that the rules of evidence do not apply in sentencing proceedings.") The Court finds that the sentence is procedurally reasonable.

    The Court concludes that Judge Sweazea adequately considered the relevant factors and that the three-month sentence was reasonable. Accordingly, the Court **AFFIRMS** the three-month sentence.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[2] Rule 1101 outlines the applicability of the Federal Rules of Evidence and provides that "[t]hese rules—except for those on privilege—do not apply to . . . sentencing . . . ." Fed. R. Evid. 1101(d)(3).